UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

| | |
|---|---|
| AARON MARJALA, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:13-cv-631 |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| FOX NEWS NETWORK, LLC, d/b/a FOX | ) |
| NEWS CHANNEL; LEE ARMSTRONG; | ) |
| MEGYN KELLY and ROBERT C. | ) |
| WHITAKER | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Fox News Network LLC, Lee Armstrong and Megyn Kelly ("Fox Defendants") hereby remove the state court action entitled *Aaron Marjala v. Fox News Network, LLC, d/b/a Fox News Channel, Lee Armstrong, Megyn Kelly and Robert C. Whitaker*, Case No. 13 CV 003306 ("State Court Suit") from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for this removal, the Fox Defendants state as follows:

1. A civil action was filed on April 4, 2013 in the Circuit Court of Milwaukee, Case No. 13 CV 003306, wherein Aaron Marjala is the Plaintiff and the Fox Defendants and North Shore Fire Department Chief Robert C. Whitaker ("Whitaker") are Defendants. (Group Ex. C-1).

2. Plaintiff filed this action asserting one count of defamation *per se* against all Defendants.

3. The Fox Defendants were first served with a copy of the initial pleading setting forth the claim for relief upon which such action is based on May 6, 2013.

4. This Notice of Removal is filed within thirty (30) days of May 6, 2013 and within one year of the commencement of this action. 28 U.S.C. § 1446(b).

5. On May 21, 2013, defendant Whitaker issued and served a discovery subpoena upon third-party Local TV, LLC d/b/a WITI Television ("Fox 6") requesting documents sufficient to identify the nature and scope of any claims or demands made by Aaron Marjala, including documents reflecting any settlement or resolution of such claims or demands ("Subpoena"). (Group Ex. C-3).

6. On May 29, 2013, plaintiff Aaron Marjala filed a Motion To Quash the Subpoena. (Group Ex. C-4).

7. On May 30, 2013, the Fox Defendants filed an Emergency Motion For Expedited Hearing on Aaron Marjala's Motion To Quash and Opposition to the Motion to Quash. (Group Ex. C-5).

8. On June 4, 2013, the Court denied Aaron Marjala's Motion To Quash and ordered that the "Settlement Agreement between Marjala and [Fox 6] shall be produced with the settlement amount and any references thereto redacted." (Group Ex. C-8).

9. On June 4, 2013, Fox 6 complied with the Subpoena. A copy of the redacted settlement agreement produced by Fox 6 ("July 12, 2012 Settlement Agreement") is attached as Ex. A.[1]

10. No further proceedings have been had in the state court.

11. A copy of all process, pleadings, and orders served upon the Fox Defendants are collectively attached hereto as Group Exhibit C.

**Consent of the Parties**

12. As described below, Whitaker is a nominal party, fraudulently joined, in this action. Accordingly, he need not consent in this removal. *See Shaw v. Dow Brands, Inc.*, 994

---

[1] The July 12, 2012 Settlement Agreement is subject to the Protective Order entered by Judge Christopher Foley of the Milwaukee County Circuit Court on June 4, 2013. A copy of the Protective Order is attached as Ex. B. The Fox Defendants contemporaneously file a Motion For Leave To Seal Exhibit "A" To The Notice For Removal. In addition, pursuant to General Local Rule 79(d)(5), the Fox Defendants shall contemporaneously cause a paper copy and electronic copy of the July 12, 2012 Settlement Agreement to be delivered to the Court clerk in an envelope marked REQUEST FOR CONFIDENTIALITY PENDING.

F.2d 364, 369 (7th Cir. 1993); *Eaglestar Intertrade Ltd. v. Dafin Asset Finance Ltd.*, Case No. 06-C-953, 2006 U.S. Dist. LEXIS 86176, at *2 (E.D. Wis. Nov. 27, 2006).

**Diversity of Citizenship**

13. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the plaintiffs be diverse from the properly joined defendants. *See* 28 U.S.C. § 1332(a) and § 1441(b). As specifically alleged below, Plaintiff is of diverse citizenship from those properly named Defendants against whom he has attempted to state a claim.

14. Plaintiff, upon information and belief, is a citizen of the State of Wisconsin.

15. News Corporation is the sole member of Defendant Fox News Network, LLC. News Corporation is incorporated in the State of Delaware with its principal place of business in the State of New York. Fox News Network, LLC is therefore a citizen of the State of Delaware and the State of New York. 28 U.S.C. § 1332(c)(1).

16. Defendant Lee Armstrong is domiciled in the State of New York and is therefore a citizen of the State of New York. *Heinen v. Northrop Grumman Corp.*, 671 F. 3d 669, 670 (7th Cir. 2012) (individual citizenship for the purposes of 28 U.S.C. § 1332 "depends on domicile—that is to say, the state in which a person intends to live over the long run.")

17. Defendant Megyn Kelly is domiciled in the State of New York and is therefore a citizen of the State of New York. *Id.*

18. The remaining Defendant, Whitaker, is domiciled in the State of Wisconsin and is therefore a citizen of the State of Wisconsin. However, Whitaker is a nominal party, fraudulently joined to defeat diversity jurisdiction. Accordingly, his citizenship should be ignored for purposes of determining diversity. *See*, *e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op, Inc.v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

19. In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of

nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In determining whether a defendant was fraudulently joined, the Seventh Circuit determines if "there is no possibility that plaintiff can state a cause of action against non-diverse defendants in state court." *Hoosier,* 34 F. 3d at 1314 (affirming fraudulent joinder where non-recourse provision of sale-leaseback agreement barred claim against non-diverse defendant).

### Fraudulent Joinder of Robert C. Whitaker

20. Plaintiff Aaron Marjala's claims against North Shore Fire Chief Robert C. Whitaker are barred by the terms of the July 12, 2012 Settlement Agreement. Accordingly, Plaintiff fraudulently joined Whitaker and Whitaker's non-diverse citizenship does not destroy diversity jurisdiction.

21. In or around June 2012, Aaron Marjala threatened to file a defamation complaint against Fox News Network, LLC, Local TV LLC, d/b/a Fox 6 News ("Fox 6"), Megyn Kelly, Lee Armstrong and Brian Polcyn (local reporter) in Milwaukee County Circuit Court for claims based on a September 5, 2011 Fox 6 broadcast ("Fox 6 Broadcast") that included certain statements Whitaker made and a September 8, 2011 national broadcast ("National Broadcast") that incorporated some facts from the Fox 6 Broadcast. (See Fox 6 Broadcast at https://mandellmenkes.box.com/fox6broadcast and National Broadcast at https://mandellmenkes.box.com/nationalbroadcast).

22. Marjala's threatened claims arising from the Fox 6 Broadcast focused on the alleged statements related to "exposing" Marjala. (See Threatened Complaint attached hereto as Ex. D at ¶¶ 12, 13 and 14.)

23. The only use of any form of the word "expose" in the Fox 6 Broadcast is Fire Chief Robert Whitaker's statement at the very end: "Is there a small part of me that says I'm glad Bryan [Polcyn] got a tip to this? Yeah because it needs to be exposed." (See Fox 6 Broadcast at 7:16).

24. The National Broadcast includes no statements by Robert Whitaker.

25. Marjala never filed the Threatened Complaint, and one month later, Marjala

- 4 -

Case 2:13-cv-00631-WEC   Filed 06/05/13   Page 4 of 8   Document 1

settled any and all claims based on the Fox 6 Broadcast. (Ex. A, ¶1).

26. In *Brown v. Hammermill Paper Co.*, 88 Wis. 2d 224, 234 (1979), the Wisconsin Supreme Court set forth the standard for determining whether an agreement serves to release unnamed joint tortfeasors:

> Where it is found that the agreement is intended to be a true general release of all claims with no express reservation of any cause of action against other wrongdoers, the fact that the release is restricted to named individuals is immaterial. It is general as to those individuals and therefore under present Wisconsin case law is sufficient to release joint tortfeasors because the liability of the named individuals includes the damages attributable to the joint tortfeasors.

27. In this case, the July 12, 2012 Settlement Agreement is sufficient to release Robert Whitaker because any liability based on the Fox 6 Broadcast includes the damages attributable to Whitaker's statements in the Fox 6 Broadcast.

28. The State Court suit claims against Robert Whitaker are based on the Fox 6 Broadcast . (See Ex. C-1 ¶¶ 5, 13, 26, 28-29).

29. Those State Court Suit claims are barred by the July 12, 2012 Settlement Agreement release of Robert Whitaker as a joint tortfeasor and therefore, there is no possibility that plaintiff can state a cause of action against Whitaker. Thus, it is apparent that Whitaker's joinder in this litigation is fraudulent, and his citizenship should not be considered for the purposes of diversity jurisdiction. *Bergstrom Imports Milwaukee, Inc. v. Chrysler Group LLC*, Case No. 12-CV-603, 2012 U.S. Dist. LEXIS 96508, at *2 (E.D. Wis. July 12, 2012).

## **Jurisdictional Amount**

30. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.00. See 28 U.S.C. § 1332(a).

31. In determining whether the amount in controversy requirement has been met, "we first look to the original state court complaint, and then to the record as a whole." *Shaw,* 994 F. 2d at 366. Here, Marjala's damage claim includes "injury to his reputation" and he seeks "actual

damages, consequential damages, punitive damages, attorney's fees and costs." (Ex. C-1, ¶¶ 29-30). The Complaint is silent as to the dollar value of the amount in controversy.

32. "Even though settlement offers are inadmissible to prove liability under Rule 408 of the Fed. R. Ev., they are admissible to show that the amount in controversy for jurisdiction purposes has been met." *Carroll v. Stryker Corp.* 658 F. 3d 675, 680 fn. 2 (7th Cir. 2011) (finding that the stakes exceeded the $75,000 jurisdictional limit where settlement e-mail during pendency of case reduced original demand of $100,000 or more to $60,000 plus certain non-monetary relief).

33. In 2012, nearly a year before he filed suit against the Fox Defendants, Marjala offered to settle the claims against the Fox Defendants set forth in the Threatened Complaint for $250,000.

34. The State Court Suit filed in April 2013 includes new statements in support of "**PUNITIVE DAMAGES**" alleging that "defendants' acted maliciously toward the plaintiff or with an intentional disregard of the rights of the plaintiff." (Ex. C-1, ¶ 30). It also includes a prayer for attorneys' fees. (Ex. C-1, Prayer for Relief). *See Oshana v. Coa-Cola Co.* 472 F. 3d 506, 512 (7th Cir. 2006) (noting that punitive damages and attorney's fees incurred as of the time of removal may be included as part of the amount in controversy).

35. The pre-suit settlement demand of $250,000 coupled with the pending new allegations in support of punitive damages and attorney's fees demonstrates that the amount at stake clearly exceeds the jurisdictional amount of $75,000. *See Rising-Moore v. Red Roof Inns, Inc.,* 436 F. 3d 813 (7th Cir. 2006) (finding $60,000 settlement offer satisfied jurisdictional threshold).

- 6 -

Case 2:13-cv-00631-WEC   Filed 06/05/13   Page 6 of 8   Document 1

WHEREFORE Defendants Fox News Network, LLC, Lee Armstrong and Megyn Kelly remove Plaintiff's action to the United States District Court for the Eastern District of Wisconsin for determination of all issues, trial, and judgment.

    Respectfully Submitted,

    FOX NEWS NETWORK, LLC, LEE
    ARMSTRONG and MEGYN KELLY

    By: ___/s/ Steven P. Mandell_____
          One of Their Attorneys

Steven P. Mandell
Natalie A. Harris (*admission pending*)
Mandell Menkes LLC
1 N. Franklin St., Ste. 3600
Chicago, Illinois 60606
146067

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served on June 5, 2013 via the Court's CM/ECF system on all counsel of record below who have consented to electronic service. Any other counsel of record will be served by electronic mail and regular mail.

| | |
|---|---|
| Michael F. Hart | Bradley W. Mattheisen |
| Craig S. Powell | Timothy Pagel |
| Kohler & Hart, S.C. | Matthiesen, Wickert & Lehrer, S.C. |
| 735 N. Water St. | 111 East Sumner Street |
| Suite 1212 | P.O. Box 270670 |
| Milwaukee, WI 53202 | Hartford, WI 53027-0670 |
| Tel: (414) 271-9595 | Tel: (262) 673-7850 |
| Fax: (414) 271-3701 | Fax: (262)673-3766 |
| E-mail: mfhart@kohlerandhart.com | E-mail: bmatthiesen@mwl-law.com |
| *Counsel for Plaintiff Aaron Marjala* | *Counsel for Defendant Robert C. Whitaker* |

/s/ Steven P. Mandell