UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**AARON MARJALA,**

    Plaintiff,

    -vs-                          Case No. 13-C-631

**FOX NEWS NETWORK LLC,**
*doing business as*
Fox News Channel;
**LEE ARMSTRONG;**
**MEGYN KELLY; and**
**ROBERT C. WHITAKER;**

    Defendants.

## DECISION AND ORDER

This action, recently assigned to this Court, has several pending motions that are undergoing briefing. During the Court's routine review of the file, a fundamental issue of subject matter jurisdiction has emerged.

Defendants Fox News Network LLC, doing business as Fox News Channel; Lee Armstrong; and Megyn Kelly (collectively the "Fox Defendants") removed the action from the Circuit Court for Milwaukee County, Wisconsin to this federal district court asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). As with any case involving diversity jurisdiction, this Court is responsible for independently evaluating the sufficiency of the allegations to determine whether the parties meet the diversity and amount in controversy

requirements of 28 U.S.C. § 1332. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs,* 610 F.3d 416, 425 (7th Cir. 2010); *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009).

Civil Local Rule 8 (E.D. Wis.) provides:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. **If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.**

(Emphasis added).

As the party invoking federal jurisdiction, the Fox Defendants bear the burden of demonstrating that the jurisdictional requirements have been met. *See Muscarello,* 610 F.3d at 425. The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend,* 559 U.S. 77, __ , 130 S.Ct. 1181, 1195 (2010). With respect to diversity jurisdiction, paragraph 14 of the Notice of Removal alleges that "Plaintiff, upon information and belief, is a citizen of Wisconsin." (ECF No. 1.)

It is well-settled that a party claiming diversity jurisdiction may not do so on the basis of information and belief, only personal knowledge is sufficient. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992). Alleged

- 2 -

Case 2:13-cv-00631-RTR     Filed 07/28/13     Page 2 of 3     Document 41

jurisdictional facts must be supported by competent proof.  *Hertz,* 130 S.Ct. at 1194-95.  Furthermore, "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."  *Meyerson v. Harrah's E. Chi. Casino,* 299 F.3d 616, 617 (7th Cir. 2002).   The Notice of Removal must be amended to clarify the citizenship of the plaintiff; i.e., the identity of the state in which he is domiciled.  *See Hunter v. Amin,* 583 F.3d 486, 491-92 (7th Cir. 2009).  The Court will give the Fox Defendants an opportunity to amend their Notice of Removal to establish that subject matter jurisdiction exists.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

On or before **August 19, 2013,** the Fox Defendants **MAY FILE** an amended Notice of Removal.  Failure to file an amended Notice of Removal by the stated deadline will result in dismissal of this action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**