UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AARON MARJALA,**

        Plaintiff,

        -vs-                                 Case No. 13-C-631

**FOX NEWS NETWORK LLC,**
*doing business as* Fox News Channel;
**LEE ARMSTRONG;**
**MEGYN KELLY; and**
**ROBERT C. WHITAKER;**

        Defendants.

---

## DECISION AND ORDER

---

This state law defamation action, originally filed in the Circuit Court for Milwaukee County, Wisconsin on April 4, 2013, was removed to this federal district court on June 5, 2013, by Defendants Fox News Network LLC, doing business as Fox News Channel; Lee Armstrong; and Megyn Kelly (the "Fox Defendants"). (*See* ECF No. 1.)

This Decision and Order addresses the joint Civil Local Rule 7(h) motion to seal (ECF No. 31) filed by the Fox Defendants and Defendant Robert C. Whitaker ("Whitaker") (collectively the "Defendants"). The Defendants' motion seeks leave to file, under seal, unredacted versions of the Fox Defendants' opposition to Plaintiff Aaron Marjala's ("Marjala") motion to remand (ECF No. 30-1), and Whitaker's brief in support of his motion for summary judgment, judgment on the pleadings, and in

opposition to Marjala's motion to remand (ECF No. 35-1), and Whitaker's statement of material facts (ECF No. 37-1).

The Defendants assert that the unredacted documents reference portions of a July 12, 2012, Settlement Agreement and Release (Ex. A) (ECF No. 1-2), which was sealed pursuant to the June 17, 2013, order of Magistrate Judge William E. Callahan, Jr. ("Callahan") granting the Fox Defendants motion to seal exhibit A to the Notice of Removal.[1] They further maintain that the June 17, 2013, sealing order relied upon the June 4, 2013, protective order entered by Milwaukee County Circuit Court Judge Christopher Foley ("Foley") ("Foley order"). (*See* ECF No. 1-2, Ex. A.)

## Background Facts

Citing Federal Rule of Civil Procedure 26(c)[2] and Wis. Stat. § 804.01,[3] the

---

[1] The June 17, 2013, Order was a "text only order."

[2] Rule 26(c) of the Federal Rules of Civil Procedure provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery; . . .

[3] Section 804.01(3)(a) of the Wisconsin Statutes provides:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including but not limited to one or more of the following:

- 2 -

Case 2:13-cv-00631-RTR   Filed 08/05/13   Page 2 of 6   Document 44

Foley order recites that, pursuant to the agreement of Marjala, the Defendants and Community Television of Wisconsin, LLC ("WITI"), all documents produced pursuant to the May 21, 2013, subpoena issued by Whitaker and marked and/designated "confidential" are confidential. Paragraph eight of the agreement states:

> If any confidential documents or information subject to this Order are used in any Court . . . proceeding herein . . . [t]he parties shall take all steps reasonably required to protect the confidentiality of such documents or information during such use, including, but not limited to, filing it under seal and having it only be accessible to those authorized by the terms of this Order, except as otherwise directed by the Court.

(*Id.*)

Callahan granted the earlier motion to seal during a June 17, 2013, telephonic motion hearing. The hearing minutes indicate that the court asked whether anyone objected to the motion to seal, the parties indicated no, and the judge granted the motion. (ECF No. 14.) The hearing minutes do not reflect a finding of "good cause" for sealing exhibit A.

## Relevant Law

Agreement by the parties is not a sufficient basis upon which to order documents filed in a public court record sealed. *See Union Oil Co. of Cal. v. Leavell,*

---

1. That the discovery not be had;

2. That the discovery may be had only on specified terms and conditions, . . . ;

- 3 -

220 F.3d 562, 567 (7th Cir. 2000) ("[T]he parties' confidentiality agreement cannot require a court to hide a whole case from view. . ."); *see also Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). This Court has a duty to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). The Court may not seal *carte blanche* whatever portions of the record any party wants to seal. *Id.* A sealing order must expressly state that any party and any interested member of the public may challenge the sealing of the subject document(s). *See Cnty. Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 740 (7th Cir. 2007).

"The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009). Documents that have been used in a Court proceeding may "'influence or underpin the judicial decision' and . . . are therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* at 1075 (quoting *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545). *Unlike unfiled discovery to which the public generally has no right of access*, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Id.* at 1073. *See also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010.)

This is so because the parties to a lawsuit are not the only entities who have a

legitimate interest in the record compiled in a legal proceeding. *Citizens First Nat'l Bank,* 178 F.3d at 944. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.*

A party seeking to seal items has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc.,* 297 F.3d at 548. "Narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KM Enter., Inc. v. Global Traffic Techs., Inc.*, No. 12-3406, ___ F. 3d ___, 2013 WL 3958385, at * 14 (7th Cir. Aug. 2, 2013) (regarding a motion to seal or to return several documents filed on appeal that contained customer and pricing information).

**Analysis**

In this case, the Defendants are relying upon Callahan's prior sealing order and have not attempted to show "good cause" in their current motion. Moreover, the Court's independent review of exhibit A does not establish "good cause" for sealing.

At this point, the Court could vacate the prior sealing order and direct the Clerk of Court to file the unredacted documents in the public record; however, the Defendants will be afforded an additional opportunity to provide a factual basis for an

independent finding of "good cause" to seal exhibit A or to file a statement withdrawing the motion to seal. If the Defendants decide to withdraw their motion to seal, the Court directs them to bring this Order to the attention of Judge Foley. *See generally United States v. Am. Tel. & Tel. Co.,* 461 F. Supp. 1314, 1343 & n.91 (D. D.C. 1978).

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

On or before **August 13, 2013,** the Defendants may file a factual statement regarding "good cause" for sealing exhibit A or a statement withdrawing their motion to seal.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2013.

BY THE COURT:

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**