# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON MARJALA,

      Plaintiff,

      v.                                         Case No. 13-C-631

FOX NEWS NETWORK LLC
*doing business as* Fox News Channel,
LEE ARMSTRONG,
MEGYN KELLY,
ROBERT C. WHITAKER,

      Defendants,

and

AUTO CLUB INSURANCE ASSOCIATION,

      Proposed Intervenor Defendant.

# DECISION AND ORDER

## PROCEDURAL BACKGROUND

This defamation action arises out of news stories regarding the contemporaneous receipt of state disability benefits and the continuing involvement in endurance marathons and triathlons of Plaintiff Aaron Marjala ("Marjala"), a former firefighter with the North Shore Fire Department, a fire district serving several communities in the metropolitan Milwaukee, Wisconsin area.

In the spring of 2013, Marjala filed the action against Defendants Fox News

Network LLC, doing business as Fox News Channel ("Fox"), Megyn Kelly ("Kelly"), Lee Armstrong ("Armstrong"), and Michael Whitaker ("Whitaker") in the Circuit Court for Milwaukee County, Wisconsin. The action was subsequently removed to this federal district court by Fox, Kelly, and Armstrong (collectively the "Fox Defendants"), invoking diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (ECF No. 1.) In removing the action, the Fox Defendants asserted that Whitaker is a nominal party and, therefore, he need not consent to the removal. They also maintained that Whitaker had been fraudulently joined because Marjala's claims against him were resolved by a July 12, 2012, settlement agreement and release ("Release") and, therefore, his citizenship should be ignored for purposes of determining whether diversity jurisdiction exists.[1]

Upon removal, the action was randomly assigned to United States Magistrate Judge William E. Callahan. During a June 17, 2013, telephonic hearing, Judge Callahan entered a text-only order granting an uncontested motion to seal the Release, exhibit A (ECF No . 9), to the notice of removal. (*See* ECF No. 14.) On July 9, 2013, the action was randomly re-assigned to this Court.

The following motions filed after the removal are pending: Marjala's motion to remand with costs and attorney fees (ECF No. 21); the Fox Defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 23); Proposed Intervenor Defendant Auto Club Insurance Association's ("AAA")

---

[1] Pursuant to the Court's July 28, 2013, Order, the Fox Defendants filed an amended notice of

motion to intervene, bifurcate and stay the proceedings in this action (ECF No. 26)[2]; and Whitaker's motions for judgment on the pleadings and summary judgment. (ECF Nos. 33, 34.)

**SEALED DOCUMENTS**

The Court begins by addressing the sealed documents filed in this action. In response to a joint Civil Local Rule 7(h) motion to seal (ECF No. 31) filed by the Defendants requesting permission to file under seal documents quoting or containing information from the sealed Release, the Court held in an August 5, 2013, order that the prior sealing order was not based on a required showing of good cause. (ECF No. 44.) The Court set a deadline for the Defendants to file a factual statement that could provide a basis for an independent finding of good cause for the sealing or to file a motion to withdraw their motion to seal.

The Defendants withdrew their motion to seal (ECF No. 47) and filed an objection pursuant to Gen. L.R. 79(d)(7)(2) (E.D. Wis.) to the designation of the Release as confidential (ECF No. 48.), giving notice to Community Television of Wisconsin, LLC, d/b/a WITI ("Fox 6"), the entity claiming confidentiality. No response to the objection was filed.

As a result, there has been no showing of good cause for sealing the Release. Consequently, the Court vacates the earlier text-only order granting the uncontested non-dispositive motion to seal the Release. (*See* ECF No. 14.) Furthermore, five

---

[2] AAA is the insurer for Whitaker's homeowner's insurance policy.

unredacted documents were filed under seal solely because they contain information from or quote the Release. (*See* ECF Nos. 30-1, 35-1, 37-1, 38-1, 60-1.) Those documents must be unsealed and made a part of the public record.

## PENDING MOTIONS

Five motions are pending in this action; however, the issue of subject matter jurisdiction is raised by Marjala's motion to remand. "Federal courts are courts of limited jurisdiction," and "[t]he circumscribed nature of the federal judiciary's jurisdiction is a function of restrictions placed upon it by both the United States Constitution and federal statutory law, both of which must authorize a federal court to hear a given type of case." *Int'l. Union of Operating Eng'rs, Local 150, AFL–CIO v. Ward,* 563 F.3d 276, 280 (7th Cir. 2009). Because Marjala's remand motion calls the Court's subject matter jurisdiction into question, that motion is addressed first. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998). For the following reasons, Marjala's motion is granted; and because the Court lacks subject matter jurisdiction over this action, the other motions are not addressed. *See id*.

## MOTION TO REMAND

Marjala's motion for remand with costs and attorney fees asserts that Whitaker, a citizen of Wisconsin, is a proper party to this action. (ECF No. 21.) Marjala maintains that the Release raises material issues of fact regarding the intent of the parties which cannot be resolved at this juncture of the proceedings and, therefore, because the Fox Defendants cannot establish that Whitaker was fraudulently joined,

removal was improper. In an affidavit (ECF No. 52-1), Marjala avers that he neither intended the Release to free Whitaker from any claims for defamation arising from his statements to Fox 6 investigative reporter Brian Polcyn ("Polcyn"), nor did he understand the agreement to have that result.

In opposition, the Fox Defendants contend that the Release is unambiguous, should be construed based on the four corners of the document, and that its plain language includes any claims against Whitaker for injury arising from the Fox 6 broadcast, including harm allegedly suffered as a result of Whitaker's statements in that broadcast. (ECF No. 30-1.) For that reason, they assert Marjala cannot state a cause of action against Whitaker and the remand motion, including the request for costs and attorney fees, should be denied.

Whitaker contends that removal was proper because Marjala's claims against him were unequivocally released by the Release. (ECF Nos. 35, 35-1.)

According to the Complaint, defamatory statements were made by Whitaker and in Fox 6 and Fox news stories reporting that Marjala, who has been certified as permanently disabled and is receiving disability benefits from the State of Wisconsin due to an ulnar nerve injury which persisted despite two surgeries intended to remedy the condition, is competing in marathons despite his disability. (ECF 1-3.) Whitaker volunteered to be interviewed for the Marjala segment, and was interviewed on August 16, 2011, by Fox 6 reporter Polcyn. The story about Marjala, investigated by Fox 6, was broadcast in Wisconsin on September 5, 2011. Included in the broadcast were

Whitaker's defamatory statements from the August 16, 2011, interview.

On September 8, 2011, a national broadcast regarding Marjala was aired through "America Live" and "Kelly's Court" on television and the internet by Fox, with Kelly, the host of the Kelly's Court show, and Armstrong, an attorney and on-air commentator. The segment was aired in Milwaukee and included video from the Fox 6 story. The Kelly's Court story was also published on the internet.

In Jun e of 2012, an attorney who was then representing Marjala, contacted representatives of the Fox Defendants, Fox 6, and Polcyn by letter, advising them that Marjala intended to file a defamation action against them in Milwaukee County Circuit Court and inviting them to discuss a pre-filing resolution. (Marjala Aff. ¶ 5.) Attached to the letter was a draft copy of the complaint. (Ex. D, Notice of Removal.) (ECF No. 43-4.) The draft complaint was never filed. Instead on July 12, 2012, Marjala, Fox 6, and Polcyn signed the Release. The combined effect of paragraphs two and three of the Release is that Marjala's claims against the Fox Defendants were not released.

Whitaker is not mentioned in the draft complaint. Neither he nor any representative of his was involved in any negotiation of the Release. Whitaker was not a party to the Release, and he is not mentioned in the Release.

Marjala is a citizen of Wisconsin. Kelly and Armstrong are citizens of New York. Fox is a citizen of Delaware and New York. Whitaker is a citizen of Wisconsin.

**Analysis**

"Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a). In other words, a "case filed in state court may be removed to federal court only when the case originally could have been filed in federal court." *N.E. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 707 F.3d 883, 890 (7th Cir. 2013). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entm't Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Here, the problem is that plaintiff Marjala and defendant Whitaker are both citizens of Wisconsin. Therefore, unless Whitaker is fraudulently joined, the Court does not have subject matter jurisdiction over Marjala's claims.

A plaintiff may not sue a non-diverse "defendant solely for the purpose of

defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999) (citation omitted). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.'" *Schwartz,* 174 F.3d at 878 (quoting *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)); *see also Morris v. Nuzzo,* 718 F.3d 660, 666 (7th Cir. 2013). A defendant "bear [s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos,* 959 F.2d at 73. This "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur,* 577 F.3d at 764.

The parties are in agreement that the propriety of Marjala naming Whitaker as a defendant is resolved by a determination of whether the Release included Marjala's claims against Whitaker. They also are in apparent agreement that Wisconsin law controls the construction of the Release. The parties agree that Whitaker was not a party to the Release, and that he is not mentioned in the Release.

Releases should be construed to give effect to the intention of the parties. *Brandner v. Allstate Ins. Co.,* 181 Wis.2d 1058, 1078, 512 N.W.2d 753, 762 (Wis. 1994) (citing *Brown v. Hammermill Paper Co.,* 88 Wis.2d 224, 233-34, 276 N.W.2d 709, 713 (Wis. 1979)). The law favors interpretations that give a reasonable meaning to all the language of a release. *Fleming v. Threshermen's Mutual Ins. Co.,* 131

Wis.2d 123, 132, 388 N.W.2d 908, 911 (Wis. 1986).

The parties' intent, though, "must be sought from the whole and every part of the instrument and from the surrounding conditions and circumstances." *Brown,* 276 N.W.2d at 713. The determinations of the intent of the parties to a release and of the scope of the release are questions of fact for the trier of facts. *Id*.

Marjala, the Fox Defendants, and Whitaker argue from published and unpublished Wisconsin state court decisions to support their positions. However, *Brown* which held that assessing the intent of a release is not satisfied by a legal construction of the four corners of a release, controls here. It is a factual issue.

That said, the factual issues regarding whether or not the Release was intended as a general release and whether or not it was intended to include any or all claims against Whitaker are not subject to resolution. *See Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.,* 60 F.3d 350, 361 n.8 (7th Cir. 1995). (stating that the court of appeals for this circuit "[does] not want district courts to resolve the merits of a dispute under the guise of jurisdiction.") Thus, the Defendants have not shown that there is no 'reasonable possibility that a state court would rule against [Whitaker].'" *Schwartz,* 174 F.3d at 878. As such, the Defendants have not met their heavy burden of showing that Whitaker was fraudulently joined. Hence, this Court lacks subject matter jurisdiction over this action because both Marjala and Whitaker are citizens of Wisconsin, and the matter must be remanded to state court.

Marjala requests costs and attorney fees pursuant to 28 U.S.C. § 1447(c),

which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See MB Fin., N.A. v. Stevens,* 678 F.3d 497, 498 (7th Cir. 2012) ("Section 1447(c) authorizes an award of attorneys' fees when the removal was unreasonable."). In general, only when no "objectively reasonable basis" for removal exists, courts should award fees under Section 1447(c). *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Section 1447(c) creates no presumption for, or against awarding fees. *See id.* at 138-39.

When deciding whether to award fees under Section 1447(c), "courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Tech., Inc.,* 656 F.3d 467, 470 (7th Cir. 2011). Whether to award costs and fees under Section 1447(c) rests within the Court's discretion. *See Martin*, 546 U.S. at 139; *Fincher v. S. Bend Hous. Auth.,* 578 F.3d 567, 569 (7th Cir. 2009).

Here, there is no evidence that the Fox Defendants removed this lawsuit as a way to delay litigation or that their attempt at removal was objectively unreasonable. *See Martin*, 546 U.S. at 140-41; *Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (7th Cir. 2007). Therefore, Marjala's request for fees and costs is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The June 17, 2013, text only order granting the uncontested non-dispositive motion to seal the Release is **VACATED**;

The Clerk of Court is **DIRECTED** to unseal the following documents and file them in the public record: ECF Nos. 30-1, 35-1, 37-1, 38-1, 60-1.

Marjala's motion for remand (ECF No. 21) is **GRANTED** to the extent that this action is **REMANDED** to Milwaukee County Circuit Court and **DENIED** in all other respects; and,

The Clerk of Court is **DIRECTED TO SEND** a certified copy of this Decision and Order to the Clerk of Court for Milwaukee County Circuit Court in Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2014.

                                              **BY THE COURT:**

                                              _____
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**